United States District Court
Southern District of Texas
**ENTERED**
August 19, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ANTHONY RENNIE HOFFMAN RIVERO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **Civil Case No. 4:26-CV-06643** |
| | § | |
| **RAYMOND THOMPSON, BRET BRADFORD, MARKWAYNE MULLIN, TODD M. LYONS and TODD BLANCHE,** | § § § § § | |
| | § | |
| **Respondents.** | § | |

**ORDER OF DISMISSAL**

Before the Court is Petitioner Anthony Rennie Hoffman Rivero's petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. No. 1). For the reasons stated below, the petition is **DENIED**.

## I. BACKGROUND

Anthony Rennie Hoffman Rivero is detained at the Joe Corley Processing Center in Conroe, Texas, in the custody of the Department of Homeland Security and Warden Raymond Thompson. (Dkt No. 1 at 4). He concedes illegal entry at a prior date, *id.* at 1, but argues that his detention violates (1) the Immigration and Nationality Act; (2) the Code of Federal Regulations; and (3) the Due Process Clause of the Fifth Amendment, *id.* at 8–15.

## II. LEGAL STANDARD

A district court entertaining an application for a writ of habeas corpus "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. A petition brought under 28 USC § 2241 is subject to summary dismissal if it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir 1999) (quoting Rule 4 of the Rules Governing Section 2254 Cases); *see also* Rule 1(b) of the Rules Governing Section 2254 Cases (permitting courts to apply such rules to habeas petitions not covered by Rule 1(a), including § 2241 petitions).

A habeas petition under Section 2241 should be dismissed as an abuse of the writ when a petitioner either (1) raises a claim in a later petition that could have been raised in an earlier petition or (2) raises the same claim a second time. *Beras v. Johnson*, 978 F.3d 246, 252 (5th Cir. 2020) (first quoting *McClesky v. Zant*, 499 U.S. 467, 489, 111 S.Ct. 1454, 1468, 113 L.Ed.2d 517 (1991); and then citing *Salinger v. Loisel*, 265 U.S. 224, 231, 44 S.Ct. 519, 521, 68 L.Ed. 989 (1924)). A petition raising claims that could have been raised previously "must be dismissed as an abuse of the writ unless the petitioner has demonstrated 'cause' for not raising the point in a prior federal habeas petition and 'prejudice' if the court fails to consider the new point." *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

Showing "cause" requires a petitioner to demonstrate that "some objective factor external to the defense prevented him from raising the claim in the previous petition." *Id.*

(citing *McClesky*, 499 U.S. at 493, 111 S.Ct at 1470). Examples of external factors include interference by governmental officials or reasonable unavailability of the factual or legal basis for the claim. *McClesky*, 499 U.S. at 493–94, 111 S.Ct. at 1470 (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). But attorney error short of ineffective assistance of counsel does not suffice. *Id.* at 494 (citing *Murray*, 477 U.S. at 486–88, 106 S.Ct. at 2644–45). Neither will legal theories about which the petitioner "should have known" when the first petition was filed. *Saahir*, 956 F2d at 119. A court need not consider whether a petitioner can demonstrate prejudice where a petitioner fails to show cause. *Id.* at 118.

## III. DISCUSSION

On May 5, 2026, Hoffman Rivero, proceeding *pro se*, mailed the court a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] (4:26-cv-03810, Dkt. No. 1). In his petition, he argued that his immigration detention was unlawful on six grounds: (1) he could not be categorized as an "arriving alien" and detained under 8 U.S.C. § 1225(b)(2)(A) because he had been previously paroled into the United States; (2) his detention violated the Due Process Clause of the Fifth Amendment; (3) he had a pending application for adjustment of status; (4) his detention at a voluntary immigration check-in undermined any assertion that he was a flight risk; (5) he had been found to have a

---

[1] Hoffman Rivero asserts that he previously filed a habeas petition on February 23, 2026. (Dkt. No. 1 at 8). This date does not match the filing date listed on the docket sheet for his prior habeas action or the date on the petition. *See* (4:26-CV-03810, Dkt. No. 1).

credible fear of persecution if removed to Cuba; and (6) his detention without a bond hearing was contrary to the purpose of civil immigration detention. *Id.* at 5–9.

The court indicated that on the face of the petition, Hoffman Rivero was not entitled to the relief he requested, but the court permitted him to file a supplement specifying individual circumstances or providing additional arguments in support of his claims. (4:26-CV-03810, Dkt. No. 9 at 5). He filed a supplemental response. (4:26-CV-03810, Dkt. No. 10). After considering the petition and the supplemental response, the court held that Hoffman Rivero had not established that his detention violated either the Constitution or federal law, so he was not entitled to relief. (4:26-CV-03810, Dkt. No. 11 at 4). On May 29, 2026, the court entered final judgment dismissing the case with prejudice.[2] (4:26-CV-03810, Dkt. No. 12).

About two weeks later, Hoffman Rivero, this time represented by counsel, filed a second petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. No. 1). He argues his detention is unlawful on three grounds: (1) the Immigration and Nationality does not authorize his detention because he was previously released under supervision; (2) his order of supervised release was revoked without the procedures required by the Immigration and Nationality Act and agency regulations; and (3) his detention violates due process. (*See id.* at 8–15).

[2] Hoffman Rivero asserts that his previously filed habeas petition was denied on April 29, 2026. (Dkt. No. 1 at 8). This date does not correspond with the date of the final judgment listed in the docket sheet for his previously filed habeas petition. *See* (4:26-CV-03810, Dkt. No. 12)

These claims either were or could have been raised in the prior petition. Hoffman Rivero does not allege any changed circumstances that would warrant reconsideration of his previously denied petition. Nor does he allege any facts demonstrating cause for not raising these claims in his prior petition. The failure to show such cause requires dismissal of his current petition for abuse of the writ.

## IV. CONCLUSION

Therefore, the petition for a writ of habeas corpus is **DENIED** as an abuse of the writ. (Dkt. No. 1). This action is **DISMISSED with prejudice**. Any pending motions are **DENIED as moot**.

The Clerk of Court is **DIRECTED** to deliver a copy of the petition (Dkt. No. 1) and this Order to the United States Attorney for the Southern District of Texas by electronic mail at USATXS.CivilNotice@usdoj.gov.

This is a **FINAL JUDGMENT**.

Signed on August 19, 2026.

Drew B Tipton

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**